UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALDEV KHELA and JASJIT KHELA,<br><br>Plaintiff,<br><br>v.<br><br>AMCO INSURANCE CO.,<br><br>Defendant. | Case No. 1:21-cv-01470-KES-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT<br><br>FOURTEEN DAY OBJECTION PERIOD<br><br>(Doc. No. 45) |

Pending before the Court is Plaintiffs' Motion for Leave to Amend Complaint, filed on June 20, 2024. (Doc. No. 45, "Motion"). Plaintiffs attach to their Motion a proposed amended complaint. (*Id*. at 8-18). For the reasons stated below, the undersigned recommends the Motion be denied.

**BACKGROUND**

Plaintiffs initiated this action by filing a complaint against Defendant AMCO Insurance Company ("AMCO") on September 30, 2021. (Doc. No. 1). The Complaint alleged a single count of breach of implied covenant of good faith and fair dealing against AMCO. (*See generally*, *Id*.). Specifically, Plaintiffs asserted that AMCO stopped paying policy benefits on a Premier Business Policy after a fire loss on April 17, 2018 to Plaintiffs' business, Circle D Food

1    and Liquor located in Fresno, California.  (*Id*.).

2          On June 21, 2022, the Court issued a Case Management Scheduling Order ("CMSO"),

3    which included a July 1, 2022 deadline to join a party or amend the pleadings and a June 23, 2023

4    deadline to complete non-expert discovery.  (Doc. No. 10 at 2).  On April 24, 2023, the Parties

5    requested extensions to certain new case management deadlines, including extending the non-

6    expert discovery cut-off to September 25, 2023, but did not request an extension of the deadline

7    to join a party or amend the pleadings, which the Court granted.  (Doc. Nos. 16, 17).  After the

8    parties' settlement efforts reached an impasse, (*See* Doc. No. 24), the Court held a status

9    conference at which Plaintiffs requested the case be set for trial.  (*See* Doc. Nos. 27, 31).  On

10   January 16, 2024, the Court further amended the CMSO, to permit expert discovery and file

11   dispositive motions as requested in the Parties' Joint Report (Doc. No. 30), but it did not extend

12   the deadline to join a party or amend the pleadings.  (Doc. No. 31).

13         On June 20, 2024, nearly two years past the deadline in the CMSO to join a party or

14   amend the pleadings, Plaintiffs filed the instant motion, seeking to add two new defendants, and

15   to add two new causes of action to the Complaint.  (Doc. No. 45).  Specifically, Plaintiffs seeks to

16   add corporate defendant, CCIS Insurance Group Inc., dba CCIS Bonding and Insurance Services;

17   and an individual defendant, Cala Carter.  (*Id*. at 2).[1]  Plaintiffs argue that the new defendants

18   "held themselves out as experts in the field of property and Casualty Insurance" and they relied

19   on their representations in procuring the subject policy from AMCO.  (*Id*. at 4).  Plaintiff seeks to

20   add as Count II, a claim of Negligence and as Count II ad claim of Negligent Misrepresentation

21   against the new defendants.  (*Id*. at 2).

22         On July 25, 2024, the Plaintiff and AMCO then filed a Rule 41 (a)(1)(A)(ii) stipulation for

23   dismissal with prejudice of AMCO, the original and only named defendant since the inception of

24   this action.  (Doc. No. 48).  On July 30, 2024, the Court noted that this action was terminated as a

25   matter of law as against AMCO and vacated all deadlines as to AMCO but ordered that the matter

26   remain open pending a ruling on the instant Motion.  (Doc. No. 49).

27

28   [1] The proposed amended complaint also continues to assert claims against Does 1-10 (*see* Doc. No. 45 at 8) but does not name these individuals despite the deadline for doing so having long passed.

## APPLICABLE LAW AND ANALYSIS

### A.  Motion to Amend Under Rule 16

Notably, Plaintiff do not seek to further amend the CMSO but rather seeks to amend the Complaint to join additional parties and two new causes of action.  As an initial matter, the Court addresses the relevant standard governing Plaintiffs' Motion.  Plaintiffs cite to the liberal amendment policy of Federal Rule of Civil Procedure 15(a).  Under that Rule, leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading. After that point, leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay.  *Ascon Properties, Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir. 1989); *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 185–87 (9th Cir. 1987).

However, Rule 15 does not provide the applicable standard for evaluating Plaintiffs' motion at this stage of the litigation.  After this court issued a case management scheduling order pursuant to Federal Rule of Civil Procedure 16, which established a timetable for amending pleadings, that rule's standards control.  *See Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607-08 (9th Cir. 1992) (evaluating under Rule 16 motion for leave to amend filed after issuance of pretrial scheduling order).  Rule 16 provides in relevant part:

> (b) [The district court] . . . shall, after consulting with the attorneys for the parties and any unrepresented parties, by a scheduling conference, . . . enter a scheduling order that limits the time
>
> (1) to join other parties and to amend the pleadings;
>
> (2) to file and hear motions; and
>
> (3) to complete discovery.
>
> ....
>
> The order shall issue as soon as practicable but in no event more than 120 days after filing of the complaint. A schedule shall not be modified except by leave of . . . [the district court] upon a showing of good cause.

Fed. R. Civ. P. 16(b).  Thus, Plaintiffs' ability to amend their Complaint is governed by Rule 16(b), not Rule 15(a). *See Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C.1987) (party seeking to amend pleading after date specified in scheduling order must first show "good cause"

3

for amendment under Rule 16(b), then, if "good cause" be shown, the party must demonstrate that amendment was proper under Rule 15); *see also Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989) (same).

Except in certain classes of cases not applicable here,[2] the district court is required to enter a pretrial scheduling order within 120 days of the filing of the complaint. The scheduling order "control[s] the subsequent course of the action" unless modified by the court. Fed. R. Civ. P. 16(e). Orders entered before the final pretrial conference may be modified upon a showing of "good cause," Fed. R. Civ. P. 16(b), but orders "following a final pretrial conference shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e). Here, because Plaintiffs filed their Motion to Amend after the Court issued its CMSO, Rule 16's "good cause" standard applies.

**B. Good Cause Under Rule 16**

"A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Forstmann*, 114 F.R.D. at 85. Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee'' notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990); *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 217 (N.D. Ind. 1990); Forstmann, 114 F.R.D. at 85; 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Cf. *Engleson v. Burlington Northern R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) (carelessness not a ground for relief under Rule 60(b)); *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir.1971) (same), cert. denied, 405 U.S. 974 (1972); *Smith v. Stone*, 308 F.2d 15, 18 (9th

---

[2] See Local Rule 240(c) for exceptions to Rule 16(b)'s mandatory scheduling requirement.

4

Cir.1962) (same).  Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  *See Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985).  If that party was not diligent, the inquiry should end.  See *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023) (finding no abuse of discretion by district court in denying plaintiff motion to amend finding plaintiff no diligent).

      Here, Plaintiffs provide no explanation or reason in their Motion as to why they failed to join the two proposed additional defendants or raise the two new causes of action at an earlier stage of this litigation.  The case was commenced nearly three years ago, (*see* Doc. No. 1), and contrary to Plaintiffs' representation, the deadline to join a party or amend passed more than two years ago.  (*See* Doc. No. 10).  Plaintiffs refer twice to a non-existent "Doc. 85" pursuant to which the claim their Motion is timely submitted.  (Doc. No. 45 at 2, 6).  However, the docket in this case reflects that the deadline to join a party or amend expired on July 1, 2022.  (Doc. No. 10 at 2).  Plaintiffs also erroneously assert that because "discovery will continue for a few more months, the time is ripe for parties to develop these facts and narrow the issues for litigation." (*Id*. at 7).  In fact, the operative CMSO reflects that fact discovery closed on September 25, 2023, nearly a year ago, expert discovery closed on May 28, 2024, and the deadline to file dispositive motions has also passed.  (Doc. Nos. 16; 31 at 2).  Thus, to pursue new claims against the two additional proposed defendants, this case would essentially begin anew.  Both new defendants would need to be served, the Court would need to reopen discovery from inception, and all new case management deadlines would need to be set in this already three-year-old case.

      Plaintiffs' Motion does not address the critical question in evaluating a motion to amend under Rule 16: why Plaintiff were unable to file their motion within the deadlines prescribed by the Court's June 21, 2022 Case Management Scheduling Order.  Plaintiffs provide no information as to when they learned of the alleged wrongdoing by the new defendants.  The basic premise of Plaintiffs' Motion—that their proposed amendment is timely and therefore should be granted—is factually false.  The Motion is well beyond the deadline set to join and parties or amend the pleadings.  Plaintiffs' barebone Motion states only that they learned of the additional defendants

5

and new causes of action "from Defendants[3] themselves," presumably through the discovery process, but do not state when they learned the relevant information. (Doc. No. 45 at 6:8-9). Given that fact discovery closed on September 25, 2023, the Court infers, absent evidence to the contrary, that Plaintiffs were aware of the pertinent information giving rise to the new claims at least nine months before they filed their Motion on June 20, 2024. Plaintiffs have failed to explain the lengthy delay and therefore failed to demonstrate diligence and good cause to amend their complaint.

A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp.*, 108 F.R.D. at 141). Plaintiffs' disregard of the Court's scheduling orders "undermine[s] the court's ability to control its docket, disrupt[s] the agreed-upon course of the litigation, and reward[s] the indolent and the cavalier." *Johnson*, *Id*. The undersigned finds no reason to set aside the important principles underpinning Rule 16 and permit Plaintiffs' proposed amendment at this late date. *Forstmann*, 114 F.R.D. at 85; *Financial Holding Corp.*, 127 F.R.D. at 166; *see also Riofrio Anda v. Ralston Purina Co.*, 959 F.2d 1149, 1155 (1st Cir.1992) (permitting amendment under Rule 15(a) in violation of district court scheduling order "would have nullified the purpose of rule 16(b)(1)").

**C.  Subject Matter Jurisdiction**

Because Plaintiff's proposed amendment appears to add a non-diverse defendant, CCIS Insurance Group Inc., as a precaution the Court also considers whether doing so would destroy diversity and divest this court of jurisdiction.[4] "Federal courts are courts of limited jurisdiction." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (citations omitted). Article II, § 2 of the Constitution delineates "the character of the controversies over which federal judicial authority may extend." *Id*. (citations omitted). "And lower federal-court jurisdiction 'is further limited to those subjects encompassed within a statutory grant of jurisdiction.'" *Id*. A federal

---

[3] It is unclear whether Plaintiffs' use of "Defendants" includes only AMCO, or also includes the two new defendants sought to be joined.

[4] The Court does not need to analyze the motion under 28 U.S.C. 1447(e), as this action was initially filed in federal court rather than removed from state court.

1    court has subject matter jurisdiction of a case when it raises a federal question, or when diversity

2    jurisdiction exists.  *See* 28 U.S.C. §§ 1331, 1332(a); *see also Home Depot USA*, 587 U.S. at 437-

3    38.

4          Plaintiffs in this case initially asserted diversity jurisdiction based on Plaintiffs being

5    citizens of California and Defendant AMCO being a citizen of Iowa.  (Doc. No. 1 at 1).  In their

6    proposed first amended complaint, Plaintiffs again assert diversity as the basis for the Court's

7    jurisdiction but note that proposed Defendant CCIS Bonding and Insurance Group Inc. is "a

8    corporation organized and existing under the laws of the State of California . . ."  (Doc. No. 45 at

9    9 ¶ 4).

10         Although the Parties would no longer be completely diverse under the proposed amended

11   complaint, the Supreme Court has "consistently held that if jurisdiction exists at the time an

12   action is commenced," as was the case here, "such jurisdiction may not be divested by subsequent

13   events."  *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991).  In *Freeport*,

14   the plaintiffs sued the defendants for breach of contract in the district court in Colorado, alleging

15   federal jurisdiction based on diversity of citizenship given that plaintiffs were Delaware

16   corporations, and the defendant was a Kansas corporation with its principal place of business in

17   Colorado.  498 U.S. at 427.  After filing suit, however, the plaintiff transferred its interest in the

18   contract at issue to another entity, and the entity, like the defendant, had limited partners that were

19   citizens of Kansas and Colorado.  *Id*.  The plaintiffs sought leave to amend their complaint to

20   substitute in the assignee of the contract as the plaintiff under Rule 25(c) of the Federal rules of

21   Civil Procedure, and the district court permitted the substitution but did not remove the original

22   plaintiff as a party, and ultimately, held in the plaintiff's favor.  *Id*.  The Tenth Circuit Court of

23   Appeals, however, reversed the decision and dismissed the case for lack of jurisdiction due to the

24   substituted plaintiff destroying jurisdiction.  *Id*.  The Supreme Court reversed the appellate court,

25   holding that the record "establish[ed] that the plaintiffs and defendant were diverse at the time the

26   breach-of-contract action arose and at the time that federal proceedings commenced."  *Id*. at 428.

27   Because "[d]iversity jurisdiction, once established, is not defeated by the addition of a nondiverse

28   party to the action," the Supreme Court reversed the Tenth Circuit's dismissal for lack of

jurisdiction. *Id*. at 428-29.

Likewise, the Court finds that the proposed addition of CCIS Insurance Co. would not divest the Court of diversity jurisdiction, which was present at the time the action commenced. *See Freeport*, 498 U.S. at 428. Although the proposed amendment would have no effect on the Court's jurisdiction, it nonetheless does not alter the analysis above, which concludes that the Motion to Amend should be denied.

Accordingly, it is hereby **RECOMMENDED**:

The district court deny Plaintiff's Motion to Amend. (Doc. No. 45).

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     September 19, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE